[S. F. No. 6135.   Department Two.—December 6, 1913.]

# DONALD M. JOHNSON et al., Respondents, v. A. G. HUNTER, Appellant.

PROMISSORY NOTE—FAILURE OF CONSIDERATION—NOTE GIVEN FOR PUR-
CHASE PRICE OF LAND.—Where a vendee under a contract to buy
land gives his promissory note for the purchase price, but thereafter,
upon failing to keep his part of the contract, joins with the payee
of the note in a quitclaim deed of their equity in the property to
a third person, and receives the money thereby obtained, he cannot,
in an action against him on the note, set up a failure of considera-
tion because a deed was not executed to him pursuant to the original
contract.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order refusing a new trial.
Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

Scrivner & Montgomery, for Respondents.

MELVIN, J.—Plaintiffs sued and obtained judgment on a
promissory note executed in their favor by the defendant in
the principal sum of twelve thousand and fifty dollars.   De-
fendant appeals from the judgment and the order denying her
motion for a new trial.

There was no denial that the note was executed, but the de-
fendant in her answer denied consideration.   It is also alleged
in the answer that in December, 1904, plaintiffs and defend-
ant entered into a contract whereby the latter agreed to buy
a piece of real property in the state of Washington; that the
note was executed and delivered with the understanding that
the plaintiffs would execute and deliver to defendant a deed
to this property; and that no such deed was ever delivered.

At the trial it appeared that there were negotiations between
the parties for the purchase and sale of the property in Wash-
ington.   The plaintiffs considered the land worth fourteen
thousand dollars.   Upon it was a mortgage of two thousand

dollars. Defendant agreed to take the property, provided the plaintiffs would raise seven thousand dollars on a mortgage. This was done and with the proceeds the mortgage of two thousand dollars was satisfied. The remaining sum of five thousand dollars, or its equivalent, less expenses, was paid to defendant. The agreement of December 13, 1904, was then executed. Plaintiffs agreed to sell and defendant to buy the property. The price fixed was nineteen thousand dollars, and defendant was to take the land subject to the mortgage of seven thousand dollars, the plaintiffs to receive twelve thousand dollars for their equity. Defendant failed to keep her part of the agreement, and plaintiffs, after paying taxes, interest on the mortgage, and other expenses for some time, found themselves unable to hold the land. Finally defendant joined plaintiffs in a quitclaim deed for their equity to a purchaser from Washington. The consideration for this deed was one thousand five hundred dollars, of which plaintiffs retained one hundred dollars in payment of some indebtedness of the defendant, and the remaining sum of one thousand four hundred dollars was paid to defendant. Subsequently she gave the note for twelve thousand and fifty dollars here in suit.

It is apparent that the note was given for the purchase price of the property, but it does not follow that it is avoided by the present inability of the Johnsons to give title, because defendant joined in the deed whereby they parted with their equity and took the receipts of the transaction. She may not now be heard to say that the consideration for the note failed. She was treated by the plaintiffs as the equitable owner of the property. For her they raised the money on the mortgage and because of her failure to meet her contract they were threatened with foreclosure proceedings. With her concurrence and for her benefit they obtained what they could for the remaining equity and paid it over to her. The court was therefore justified in finding that the note was given for a valuable consideration and in entering judgment for plaintiffs.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.